1  MARK J. BOURASSA, ESQ.
   Nevada Bar No. 7999
2  **THE BOURASSA LAW GROUP, LLC**
   8668 Spring Mountain Rd., Suite 101
3  Las Vegas, Nevada 89117
   Telephone: (702) 851-2180
4  Facsimile: (702) 851-2189
   mbourassa@bourassalawgroup.com
5  *Attorney for Plaintiff*
6

7

8                **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10

11
    KATASHA FITZSIMMONS,                    CASE NO.: 2:11-cv-01315-KJD-PAL
12
13              Plaintiff,

14
         vs.
15                                          **APPLICATION FOR ENTRY OF**
                                            **DEFAULT JUDGMENT**
16  RICKENBACKER FINANCIAL, INC., a
17  California corporation, doing business as THE
    RICKENBACKER GROUP,
18
                Defendant.
19

20              **APPLICATION FOR ENTRY OF**

21                  **DEFAULT JUDGMENT**

22

23

24      COMES NOW, Plaintiff, KATASHA FITZSIMMONS on behalf of herself and all

25  similarly situated persons, by and through her attorneys of record, Mark J. Bourassa, Esq., of The

26  Bourassa Law Group, LLC, and moves this court to enter a Default Judgment in this matter in

27  favor of Plaintiff and against Defendant, RICKENBACKER FINANCIAL, INC.

28      This Motion is based on the attached Memorandum of Points and Authorities, the

                                - 1 -

Exhibits thereto, all papers and pleadings on file herein, and any evidence or oral argument permitted or requested by the Court.

DATED this <u>4th</u> day of September 2012

THE BOURASSA LAW GROUP, LLC

<u>**/S/ MARK J. BOURASSA, ESQ.**</u>
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is a case which involves numerous Fair Debt Collection Practices Act (FDCPA) violations in which Defendant, RICKENBACKER FINANCIAL, INC ("Defendant"), mailed a collection letter to Plaintiff, KATASHA FITZSIMMONS ("Plaintiff"), regarding an alleged debt, and the language used in the letter constitutes violations of the FDCPA. On or about September 16, 2011, Plaintiff filed a complaint against the Defendant.

Defendant was timely served but has not communicated with Plaintiff's counsel or appeared in this action. Defendant has ultimately failed to Answer or otherwise defend this matter. Thus, a Default was entered by the clerk on June 28, 2012. Accordingly, Plaintiff now seeks entry of a default judgment against Defendant.

### II.   STATEMENT OF UNDISPUTED FACTS

1. Plaintiff is a natural person who resides in Nevada.

2. Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

3. Plaintiff allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

4. Defendant RICKENBACKER FINANCIAL, INC is a California corporation, doing business in Nevada under a fictitious firm name of THE RICKENBACKER GROUP, the principal purpose of whose business is the collection of debts.

5. Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another so that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. On or about April 27, 2012, Defendant mailed or caused to be mailed, a collection letter addressed to Plaintiff (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit "1."

7. Upon receipt of Defendant's Collection Letter, Plaintiff opened and read it.

8. The Collection Letter demanded payment of a consumer debt allegedly owed by Plaintiff.

9. Section 1692f of the FDCPA requires that a debt collector not use any unfair, or unconscionable means by attempting to collect any amount unless expressly authorized by the agreement creating the debt.

10. The Defendant's Form Collection Letter asked that the PLAINTIFF pay undisclosed fees and undisclosed costs in violation of Section 1692f.

## III.   ARGUMENT

### A. Defendant's FDCPA Violations

There is no question of Defendant's liability in this matter because Defendant's Form Collection Letter is a clear violation of the FDCPA.

Defendant's collection letter, in the form represented by Exhibit "1," violates the FDCPA by attempting to collect undisclosed fees and undisclosed costs from the PLAINTIFF.

Thus, Plaintiff is entitled to a default judgment on her claims of FDCPA violations and is entitled to the damages permitted by statute.

**B. Defendant's Nevada Deceptive Trade Practices Act Violations.**

Pursuant to NRS 649.075, a collection agency operating in Nevada is required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions. Alternatively, a collection agency operating from outside Nevada but collecting debt from Nevada residents is required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. ..."

Defendant was and is not licensed as a collection agency in Nevada and has not registered as a foreign collection agency in Nevada. Therefore, Defendant was and is conducting business without all required state, county or city licenses.

As a result of Defendant's failure to register, Defendant has violated the Nevada Deceptive Trade Practices Act NRS Chapter 598 and NRS 649.075.

**C. Plaintiff is entitled to damages; and those damages are to be trebled pursuant to statute.**

The FDCPA provides a statutory scheme for damages. Specifically, 15 U.S.C.§ 1692k states in pertinent part:

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

1
2

**(1)** any actual damage sustained by such person as a result of such failure;

3
4

**(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

5
6
7
8

Thus, Plaintiff is entitled to recover her actual damages (15 U.S.C.§ 1692k(a)(1)), a statutory damage determined by the court of up to $1000 (15 U.S.C.§ 1692k(2)(A)) and Plaintiff's attorney fees and costs (15 U.S.C.§ 1692k(3)).

9
10
11

In this instance, Plaintiff's actual damages are limited, as those damages are based on her frustration, and confusion at receiving Defendant's improper Collection Letter.  Thus, Plaintiff requests actual damages in the amount of $2,500.00.

12
13
14

In addition, Plaintiff is entitled to statutory damages of up to $1,000.00.  As Defendant has failed to defend this matter, Plaintiff requests actual damages in the amount of $1,000.00.

15
16
17
18
19
20
21

In addition, NRS 598.0999 provides for civil and criminal penalties for violations of the Nevada Deceptive Trade Practices Act and provides that "the court may require the natural person, firm, or officer or managing agent of the corporation or association to pay to the aggrieved party damages on all profits derived from the knowing and willful engagement in a deceptive trade practice and treble damages on all damages suffered by reason of the deceptive trade practice."

22
23
24
25
26
27

Here, Plaintiff has suffered damages from Defendants engagement in a deceptive trade practices and is entitled to damages on all profits derived from Defendant's knowing and willful engagement in the deceptive trade practice of operating without the required licenses.  Plaintiff is unaware of the profits derived from Defendant's engagement in a deceptive trade practice at this time.  However, Plaintiff requests an award of damages on all profits derived from Defendant's

28

knowing and willful engagement in a deceptive trade practice, the exact amount to be determined at a later date pursuant to separate motion.

Plaintiff's claimed costs are limited to the filing fee of this matter of $350 and service of process in the amount of $168. Thus, Plaintiff's costs are $518.

In Nevada "[t]he compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law." The amount of awarded attorney fees "rests in the sound discretion of the trial court, taking into consideration the amount involved, the character of the services rendered, and the employed." Pecolle v. Luce & Goodfellow, 66 Nev. 360, 378 (1949).

Plaintiff retained counsel on an hourly basis at the rate of $350 per hour for attorney time and $125 per hour for paralegal time. The Bourassa Law Group billed 6.5 hours of attorney time and 8.4 hours of paralegal time over the course of this matter. Based on the hours billed at the above rates, total attorney fees accrued on this matter are $2,850.00.

Plaintiff's claimed costs are limited to the filing fee of this matter of $350 and service of process on defendant in the amount of $168. Thus, Plaintiff's costs are $518.

The total of Plaintiff's actual damages, statutory damages, all of which are trebled, plus costs and fees totals $17,368.00.

The calculations of damages and the award Plaintiff is entitled to is set forth below:

| DAMAGE DESCRIPTION | AMOUNT |
| --- | --- |
| Plaintiff's Actual Damages | $2,500.00 |
| Plaintiff's Statutory Damages | $1,000.00 |
| *Subtotal** | *$3,500.00* |
| Damages Trebled | $10,500.00 |
| Costs | $518.00 |
| *Subtotal* | *$14,518.00* |
| Attorney Fees | $2,850.00 |
| **TOTAL** | **$17,368.00** |

*Plaintiff is also entitled to damages on all profits derived from Defendant's engagement in the deceptive trade practice of operating without the required licenses, to be determined at a later date based on proof.

Accordingly, Plaintiff is entitled to a default judgment against the Defendant and in favor of the Plaintiff in the total amount of seventeen thousand three hundred sixty eight dollars ($17,368.00) for Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* and Nevada Revised Statutes Chapter 598.

IV.   **CONCLUSION**

Based on the above analysis, entry of a default judgment in the amount $17,368.00 as set forth herein is appropriate in this matter and Plaintiff so requests a default judgment in the amount of $17,368.00 from this Court.

DATED this  4th  day of September 2012.

THE BOURASSA LAW GROUP, LLC

**/S/ MARK J. BOURASSA, ESQ.**
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## ENTRY OF DEFAULT JUDGMENT

STATE OF NEVADA      )
                          )SS.
COUNTY OF CLARK      )

      I, Mark Bourassa, being first duly sworn upon my oath, deposes and says the following:

1. I am an attorney admitted to practice in Nevada, hired by Plaintiff, KATASHA FITZSIMMONS, to prosecute the above-referenced matter.

2. Attached hereto as Exhibit "1" is a true and correct copy of Defendant's Form Collection Letter. The original was provided to my office by KATASHA FITZSIMMONS.

3. I was retained in this matter on a hourly basis at the rate of $350 per hour for attorney time and $125 per hour for paralegal time.

4. The Bourassa Law Group billed 6.5 hours of attorney time and 8.4 hours of paralegal time over the course of this matter. Based on the hours billed at the above rates, total attorney fees accrued on this matter are $2,850.00.

5. Plaintiff's claimed costs are limited to the filing fee of this matter of $350 and service of process on defendant in the amount of $168. Thus, Plaintiff's costs are $518.

FURTHER AFFIANT SAYETH NAUGHT.

 

_____
MARK J. BOURASSA, ESQ.

**SUBSCRIBED AND SWORN** to before me
on this 4ᵗʰ day of August 2012.



H. STEWARD
Notary Public State of Nevada
No. 00-63569-1
My Appt. Exp. August 19, 2013

_____
**NOTARY PUBLIC** in and for said County and State

- 8 -

1

**CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that the foregoing **APPLICATION FOR ENTRY OF**

3

**DEFAULT JUDGMENT** was electronically filed this _4th_ day of September 2012, and is

4

available for viewing and downloading from the ECF System of the United States District Court

5

for the District of Nevada.

6

7

    The undersigned further certifies that a true and correct copy of the foregoing document

8

was served by mailing a copy thereof, first class mail, postage prepaid, this _4th_ day of

9

September 2012 as follows:

10

11

CSC Services of Nevada, Inc.
2215-B Renaissance Dr.

12

Las Vegas, NV 89119
*Resident Agent*

13

14

Rickenbacker Financial, Inc.
d/b/a The Rickenbacker Group

15

15005 Concord Circle
Morgan Hills, CA 95037

16

17

18

19

An employee of the
The Bourassa Law Group, LLC

20

21

22

23

24

25

26

27

28

- 9 -