1
2
3
4
5                           **UNITED STATES DISTRICT COURT**
6                                   **DISTRICT OF NEVADA**
7
8    KATASHA FITZSIMMONS,                      2:11-CV-1315 JCM (PAL)
9               Plaintiff(s),
10   v.
11   RICKENBACKER FINANCIAL, INC.,
12              Defendant(s).
13
14                                          **ORDER**

15   Presently before the court is plaintiff Katasha Fitzsimmons's application for entry of default
16   judgment against defendant Rickenbacker Financial Inc. (Doc. # 9).

17   **I.     Background**

18          On September 16, 2011, plaintiff filed a complaint in this court alleging violations of the Fair
19   Debt Collections Practices Act (FDCPA) and the Nevada Deceptive Trade Practices Act. (Doc. #
20   1). Defendant was timely served (doc. # 5); however, defendant has neither communicated with
21   plaintiff's counsel (doc. # 9, 2:21) nor appeared in this action since service (*see* docket generally).
22   On June 27, 2012, plaintiff filed a motion for entry of default against defendant. (Doc. # 7). On June
23   28, 2012, the clerk's office entered default as to defendant. (Doc. # 8).

24   **II.    Discussion**

25          Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment
26   for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by
27   affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Federal Rule
28

**James C. Mahan**
**U.S. District Judge**

1  of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party
2  seeking default applies to the clerk of the court as required by subsection (a) of this rule." FED. R.
3  CIV. P. 55(b)(2).
4      On June 28, 2012, the clerk entered default against defendant for its failure to plead or
5  otherwise defend the instant lawsuit. (Doc. # 8). Pursuant to Federal Rule of Civil Procedure
6  55(b)(2), plaintiff now asks this court to enter default against defendant. In the present ex parte
7  motion plaintiff seeks: (1) default judgment against defendant; (2) recovery for damages under
8  FDCPA and the Nevada Deceptive Trade Practices Act; and (3) costs and reasonable attorney's fees.
9  (Doc. # 9).

### A.   Default Judgement

11      The choice whether to enter a default judgment lies within the discretion of the trial court.
12  *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a
13  default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782
14  F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2)
15  the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5)
16  the possibility of a dispute concerning material facts, (6) whether default was due to excusable
17  neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the
18  factual allegations of the complaint, except those relating to the amount of damages, will be taken
19  as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 8(d).
20      The first *Eitel* factor weighs in favor of granting plaintiff's motion because she will be
21  prejudiced if this case remains unresolved. Plaintiff served defendant almost 10 months ago (Doc.
22  # 5). Defendant has not answered or otherwise responded to the complaint. If plaintiff's motion for
23  default judgment is not granted, plaintiff "will likely be without other recourse for recovery."
24  *PepsiCo, Inc. v. Cal. Security Cans*, 382 F.Supp.2d 1127, 1177 (C.D. Cal. 2002).
25      The second and third *Eitel* factors favor a default judgment where the complaint sufficiently
26  states a claim for relief under Rule 8. *See Cal. Security Cans*, 238 F.Supp.2d at 1175; *Danning v.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). Plaintiff's complaint states plausible claims for relief. (*See* doc. # 1).

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. The sum of money sought is relatively small, which also weighs in favor of granting default judgment. (*See* doc. # 9, 6:28).

The fifth *Eitel* factor also favors default judgment. Given the sufficiency of the complaint and defendant's default, "no genuine dispute of material facts would preclude granting [plaintiff's] motion." *Cal. Security Cans,* 238 F.Supp.2d at 1177; *see Geddes,* 559 F.2d at 560.

Applying the sixth factor, the court cannot conclude that defendant's default is due to excusable neglect. Defendant was properly served with summons and the complaint. (*See* doc. # 6). Defendant's failure to respond or litigate this case cannot be attributable to excusable neglect. *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp. at 1177 (citation omitted). Moreover, defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having reviewed plaintiff's motion and supporting exhibit, and having considered the *Eitel* factors as a whole, the court concludes that the entry of default judgment is appropriate against defendant. The court now turns to the reasonableness of the damages and costs sought in the default judgment.

**B.    Recovery of Damages & Attorney's Fees and Costs**

**1.    Damages**

The FDCPA provides that a plaintiff may recover statutory damages of up to $1,000 for

**James C. Mahan
U.S. District Judge**

noncompliance. 15 U.S.C. § 1692k(a)(2)(A). The $1,000 amount is the maximum per action, not per violation. *Harper v. Better Business Services, Inc.,* 961 F.2d 1561, 1564 (11th Cir. 1992). When considering the amount of statutory damages to award, a court may consider the nature of a defendant's noncompliance, as well as the frequency of its acts and whether the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Further, the FDCPA directs the court to award plaintiff any actual damages resulting from the violation. 15 U.S.C. § 1692k(a)(1). Lastly under the Nevada Deceptive Trade Practices Act, a court may give plaintiff "all profits derived" by defendant from deceptive business practices. Nev. Rev. Stat. §598.0999 (2011).

Here, defendant allegedly sent plaintiff letters demanding payment for fees and costs[1] related to towing a vehicle that does not belong to plaintiff. (Doc. # 1, 3:15-19). These demands violate the FDCPA by attempting to collect an amount incidental to the principal obligation and not expressly authorized (doc. # 1, 4:10-11) and "by falsely representing the services rendered and/or compensation which may be lawfully received" (doc. # 1, 5:5-7). Further, defendant, as a California corporation, was required to obtain a license to operate as a collection agency under the Nevada Deceptive Trade Practices Act. (Doc. # 1, 6:1-4). Defendant was not licensed when it sought payment from plaintiff in Nevada. (Doc. # 1, 6:9-12). Plaintiff requests actual and statutory damages in the amount of $3,500 plus any profits derived by defendant.

The allegations in the present case do not warrant the requested actual damages. Plaintiff states that she was actually harmed in the amount of $2,500 "based on frustration, and confusion at receiving Defendant's improper Collection Letter." (Doc. # 9, 5:9-10). Plaintiff provided no evidence to support this conclusory statement. Further, the court finds this amount unreasonable as it is more than the amount the collection letter demanded from plaintiff.[2] (Doc. # 9-1).

The court, however, finds that plaintiff is entitled to the statutory maximum of $1,000 as the complaint alleges that defendant sent plaintiff letters demanding payment for a service plaintiff allegedly did not receive nor authorize by agreement. (*See* doc. # 1, 4:10-13, 5:4-7). Based on these

---

[1] Some of the costs were unidentified.

[2] The letter sought $2,124.69.

James C. Mahan
U.S. District Judge

- 4 -

1  circumstances, seeking payment of this alleged debt violates the FDCPA which broadly prohibits
2  unfair or unconscionable collection methods and any false, deceptive or misleading statements, in
3  connection with the collection of a debt. 15 U.S.C. §§ 1692e & 1692f. Thus, the court finds that
4  plaintiff is entitled to $1,000 in statutory damages.

5      Plaintiff also requests treble damages. The court, however, in its discretion declines to grant
6  such relief. *See* Nev. Rev. Stat. §598.0999(3)(c) (2011). Further, the court declines to grant plaintiff
7  damages on "all profits derived from the knowing and willful engagement in a deceptive trade
8  practice." *Id.*

9      **2.    Attorney's Fees and Costs**

10     The FDCPA directs a court to award attorney's fees to a prevailing consumer. 15 U.S.C.
11 1692k(a)(3). In the Ninth Circuit, the starting point for determining reasonable fees is the calculation
12 of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on
13 litigation by a reasonable hourly rate. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th
14 Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party
15 reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport
16 Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citation omitted). In
17 calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours
18 for each attorney. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g
19 denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987). The lodestar is deemed to be
20 presumptively reasonable, though the district court has the discretion to consider and upward or
21 downward adjustment.

22     Here, plaintiff seeks attorney's fees comprised of 6.5 hours at $350 per hour for attorney time
23 spent on the case and 8.4 hours at $125 per hour for paralegal time spent on the case. (Doc. # 9, 6:11-
24 15). Plaintiff further requests $518 in costs related to filing this case and for serving defendant. (Doc.
25 # 9, 6:16-17). The declaration of counsel demonstrates these billing practices and costs incurred.

**James C. Mahan
U.S. District Judge**

1  (Doc. # 9, 8). Plaintiff requests $2,850 in attorney fees.[3] (Doc. # 9, 6:27).

2  The court finds that the amount of hours expended and the billable rates used are reasonable. Further, the court finds the costs expended on prosecuting this case are also reasonable. Thus, plaintiff is entitled to the requested amount in attorney's fees ($2,850) and costs ($518), totaling $3,368.

### III.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's application for entry of default judgment (doc. # 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that default judgment is entered in favor of plaintiff against defendant in the amount of $4,368.[4] Plaintiff may submit a form of judgment for the court's execution.

DATED September 11, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court recognizes that computation of the time spent and cost per hour results in a total of $3,325; however, plaintiff has only requested $2,850.

[4] $1,000 for statutory damages, 15 U.S.C. § 1692k(a)(2)(A), and $3,386 for attorney's fees and costs, 15 U.S.C. 1692k(a)(3).